IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Elizabeth Bucklew, | ) | C/A No.: 3:11-706-CMC-SVH |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| Wal-Mart Stores East LP, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff, Elizabeth Bucklew, brought this action alleging damages, inter alia, under the American with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"). This matter comes before the court upon Plaintiff's motion to compel [Entry #22] responses from defendant Wal-Mart Stores East, LP ("Defendant") to three interrogatories.

I.  Factual and Procedural Background

This case was originally assigned to Unites States Magistrate Judge Joseph R. McCrorey pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Plaintiff filed her motion to compel on November 17, 2011, and Defendant filed a response in opposition on December 5, 2011. The case was reassigned to the undersigned Magistrate Judge on January 1, 2012, and this matter having been fully briefed, it is ripe for disposition. For the reasons that follow, the court denies Plaintiff's motion.

In her motion to compel, Plaintiff argues Defendant's responses were insufficient. to Interrogatories 3, 4, and 5. Those interrogatories, along with Defendant's objections and responses, read as follows:

INTERROGATORY NO. 3: Please state the number of employees employed by defendant in June 2009.

ANSWER: Walmart objects to this interrogatory because it is overly broad and unduly burdensome. Subject to and without waiving those objections or any of the general objections, Walmart states that, at all relevant times, it has employed a sufficient number of Associates to subject Walmart to the laws on which Plaintiff's claims are based.

INTERROGATORY NO. 4: Please identify all lawsuits, EEOC charges and/or claims containing allegations of violation of the ADA in which defendant has been a party from January 2007 to December 2009 in defendant's facilities located in South Carolina? Please include with your response the name of the parties to such case or claim, the court or agency in which such case is or was pending, the court or agency file number, the nature and basis of the claim, when the claim was filed, the current disposition, and the name(s) of the supervisor(s) involved.

ANSWER: Walmart objects to this request because it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 5: Has defendant accommodated any employee with standing and walking restrictions from January 2007 to December 2009 in defendant's facilities located in South Carolina? If so, please list the name of the employee accommodated, date of accommodation, physical restriction accommodated, and the accommodation.

ANSWER: Walmart objects to this request because it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential information regarding Associates. Subject to and without waiving those objections or any of the general objections, Walmart states that, during the time period referred to above, Walmart did accommodate one or more Associate at Store #2214 with a walking or standing restriction by providing a stool. Walmart did not accommodate any restriction by allowing any Associate
at Store #2214 to use the motorized customer carts.

[Entry #22-2].

II. Analysis

Plaintiff argues Interrogatories 3 and 4 are relevant to potential awards of

2

damages, including punitive damages. Plaintiff contends a response to Interrogatory 5 could lead to the discovery of admissible evidence on discrimination.

With regard to Interrogatory 3, Defendant has admitted that it is covered by the ADA and subject to the highest level of damages permitted under the statute. [Entry #23-1]. Plaintiff has failed to show how information concerning the precise number of employees is otherwise likely to lead to the discovery of relevant information. Therefore, Plaintiff's motion is denied with respect to Interrogatory 3.

With regard to Interrogatory 4, Plaintiff has failed to show why ADA charges and lawsuits in Defendant's other stores are relevant to her claim for damages. Because Defendant has provided responsive information pertaining to the store at which Plaintiff worked, Defendant's motion to compel is denied as to Interrogatory 4.

With regard to Interrogatory 5, Plaintiff has failed to show why she needs information regarding accommodations other than the store at which she worked. Additionally, there is no indication that the information requested is likely to lead to the discovery of admissible evidence. Therefore, Plaintiff's motion is denied as to Interrogatory 5.

III. Conclusion

For the foregoing reasons, Plaintiff's motion to compel [Entry #22] is denied.

IT IS SO ORDERED.

*Shiva V. Hodges*

February 13, 2012
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge